## MOORE AND WIFE v. NICHOLS.

1. PLEADING: *Nil debet.*
   An answer, in effect a plea of *nil debet,* is inadmissible under the Code practice.

2. STATUTE OF LIMITATIONS: *On sealed instruments, dated before Constitution of 1868.*
   The statute of limitations of ten years, and not five, is applicable to an instrument under seal, executed before the adoption of the Constitution of 1868.

3. SAME: *On actions on guardian's bonds.*
   An action on a guardian's bond does not accrue to the ward until there is a final settlement of the guardian in the Probate Court, and the amount due the ward ascertained and adjudged to him.

APPEAL from *Franklin* Circuit Court.

Hon. W. D. JACOWAY, Circuit Judge.

*Du Val & Cravens,* for appellants:

There was no cause of action on the bond until the final settlement, and the statute did not begin to run until it was made. (*Connelly et al. v. Weatherby, Admr., 33 Ark., 662.*) The statute of five years not applicable. *Smith v. Carden, 33 Ark., 709.*

The judgment of the Probate Court could not be impeached collaterally, and parol evidence, to show the death of a party to it, is inadmissible. (*Case v. Rebelin, 1 J. J. Marsh, 30; Stockwell v. Fullerton, 44 Ills., 108; Coleman v. McAnulty, 16 Mo., 173; Camden v. Robertson, 2 Scam., 508; Spalding v. Wathen, 7 Bush., 659.*) The judgment was conclusive (*Norton v. Miller, 25 Ark., 108*), and, even if entered after the death of Sexton, was not void. *Freeman on Judg., sec. 140–150; Powell v. Washington, 15 Ala., 803.*

*I. S. Fielder*, for appllee:

Plaintiff's right of action did not accrue until after the adoption of the Constitution of 1868, which abolished private seals, and the statute of five years is applicable.    See *Gantt's Digest, sections 4126, 4127, 4129.*

### STATEMENT.

ENGLISH, C. J.   On the twenty-fifth of April, 1866, Jacob Sexton was appointed guardian of Sarah P. D. Moore, by the Probate Court of Franklin County, and entered into bond, in the then statute form, with Jesse Nichols and James M. Berry as sureties.

This action was commenced on the bond, in the Franklin Circuit Court, on the eighteenth of September, 1879, by John R. Moore and Sarah P. D. Moore (she having intermarried with her co-plaintiff), against Jesse Nichols, one of the sureties in the bond, the principal and the other surety having died.

The substance of the special breach of the condition of the bond assigned in the complaint, was that on final settlement of the account of Jacob Sexton, as guardian of Sarah P. D. Moore, made in the Probate Court, on the seventeenth of August, 1875, she recovered judgment against him for the sum of $773, found by the court to be due to her from him, which judgment remained in force and unpaid.

The purpose of the suit on the bond was to recover the amount of this judgment, and interest.

The defendant, Nichols, answered in three paragraphs:

1.    That the plaintiffs were barred from the prosecution of the suit because the same was not commenced within five years after the cause of action accrued.

2.    That the judgment which was rendered against Jacob Sexton, the guardian of the plaintiff, Sarah P. D.

Moore, in the Probate Court, as shown in plaintiff's complaint, was obtained after the death of the said Sexton.

3. Defendant denies that he is indebted to the plaintiffs in the sum of $773, as alleged in their complaint, or any sum of money whatever.

The case was submitted to a jury, and, upon the evidence and instructions of the court, a verdict was returned in favor of defendant. Plaintiffs were refused a new trial, took a bill of exceptions, and appealed.

### OPINION.

I. The third paragraph of the answer was, in effect, a plea of *nil debet* to an action on a writing obligatory, and was a bad plea under the common law practice, and might be stricken out. (*Sevier v. Wilson, 8 Ark., 496.*) It is also bad under the Code practice, and seems to have been disregarded on the trial of this case.

*1. PLEAD-ING: Nil debet.*

II. On the trial, defendant offered to read, in evidence, depositions of witnesses to prove that Jacob Sexton died in Washington County, on the sixteenth of August, 1875, the day before judgment was rendered against him on his first settlement in the Probate Court, which depositions were excluded by the court on the objection of plaintiffs.

This decision, being in favor of appellants, is not complained of by them on this appeal, and is not properly presented for review.

III. Appellants read, in evidence, from the records of the Probate Court, the judgment against Jacob Sexton, alleged in the complaint, and the preliminary steps taken in that court to bring him to a final settlement of his account, as guardian of Sarah P. D. Moore, his ward.

*2. STATUTE OF LIMIT-ATIONS: On sealed instru- ments dat- ed before Cons titu- tion of 1868.*

Defendant proved that Sarah P. D. Moore was married to her co-plaintiff the eleventh of February, 1869.

The court charged the jury, in effect, that the guardian-

ship of Jacob Sexton over the person and estate of Sarah P. D. Moore ceased and was determined on her marriage; and that, if more than five years had elapsed from the time of her marriage to the date of the judgment of the Probate Court, in her favor, against her guardian, on final settlement, the plaintiff's action was barred.

The instrument sued on, bearing date before the adoption of the Constitution of 1868, which abolished private seals, and appearing on its face to be under seal, or a writing obligatory, the statute of limitations of ten years, and not of five, was applicable. *Gould's Digest, sec. 15, chap. 110; Dyer v. Gill, 32 Ark., 410; Smith v. Carden, 33 ib., 710.*

Moreover, the cause of action of appellants against appellee on the bond, did not accrue until the seventeenth of August, 1875, when the final settlement of the principal in the bond was made in the Probate Court, and the amount due his ward ascertained and adjudged to her, and five years, much less ten, had not transpired from that date to the time of the commencement of this suit. *Connelly et al. v. Weatherby, Admr., 33 Ark., 658.*

Reversed and remanded for a new trial.